RANSOM MAGEE *v.* JAMES E. KEEGAN et al.

GUARDIAN AND WARD : STATUTE OF LIMITATIONS BARS GUARDIAN AS TO PROPERTY CONCEDED BY HIM TO BELONG TO WARD.—If a guardian, under a mistake of law as to the title, return his own property as the property of his ward, and continue to so treat it for a period of eight years, his right will be barred by the Statute of Limitations, and the title to the property will vest in the ward.

. APPEAL from the Chancery Court of Pike county. Hon. John E. McNair, chancellor.

On the 7th day of August, A.D. 1857, the appellant filed his bill against James Keegan, and Eliza Elizabeth Keegan, his wife, and William Ellyry, to recover certain slaves.

The bill alleges that the complainant, prior to the year 1839, intermarried with Nancy, a daughter of defendant William Ellyry; that in January, A.D. 1839, said Ellyry gave to his said daughter one of the slaves in controversy, as an advancement, and that thereby the complainant, as husband, acquired the absolute right to said slave. That after the year 1839, said Ellyry gave the other slaves sued for to his said daughter. That in February, A.D. 1841, the said Nancy died, and that just before her death, and whilst she was languishing with disease, that the said Ellyry wrote a deed of gift, conveying all of said slaves to said Nancy for her life, remainder to her children ; that this deed was procured by said El-

lyry to be recorded, but was never delivered to said Nancy or to complainant, or accepted by either of them, and that neither of them ever held or claimed said slaves under the same. That said Nancy left two children surviving her, one of whom died in 1848. Therefore the complainant, being under the impression and belief (mainly produced by the representations of said Ellyry), that the surviving child (the defendant Mrs. Keegan) was entitled to the said slaves, as heir of her mother, took out letters of guardianship of her person and estate, and returned the same in his inventory as her property. That he continued thus to hold them until March, A.D. 1854, when he resigned his trust, and made a final settlement. In May thereafter, said Ellyry was appointed guardian of Mrs. Keegan, and took the control of her property. Complainant surrendered the possession of one of the slaves to Ellyry, and kept the others, paying hire to said Ellyry as guardian for the same. That in 1856, he discovered, for the first time, that he was mistaken as to the title of the property, and ascertained that he was entitled to one of them absolutely, and to a life estate in the others, and thereupon he informed Ellyry, and his daughter and her husband, Keegan, of his rights, and notified them that he would insist on them. In the latter part of 1856, Keegan and Ellyry came to complainant's plantation about daybreak, and clandestinely removed said slaves, against the complainant's consent.

The defendants demurred to the bill: 1st, for want of equity; and 2d, because complainant's rights were barred by lapse of time. The chancellor sustained the demurrer, and dismissed the bill, and the complainant appealed.

*George T. Swann*, for appellant.

*John T. Lampkin*, on same side.

*D. W. Hurst*, for appellee.

FISHER, J., delivered the opinion of the court.

This case may be made to turn on a single point. The complainant, having qualified in 1848, as guardian of his infant daughter, returned an inventory of the property, now claimed by him, as the

property of his ward.    It appears from the bill that he so continued to recognize the title of his ward, until about the year 1856, when he discovered that he had a life estate in the slaves, for which he now sues.    He was fully informed as to the facts, and could have known his title, if he had called on counsel to apply the law to the facts as they existed, instead of trusting to his own judgment ; and having treated the slaves for a period of about eight years as the property of his ward, he must be regarded as having surrendered whatever claim he could at one time have asserted.

The Statute of Limitations vests in the ward a good title as against the guardian.

Decree affirmed.